**FILED**

**September 4, 2018**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:23 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Linda Brown,** | ) | **Docket No. 2018-06-0221** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Nissan North America,** | ) | **State File No. 130515-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **Safety Nat'l Cas. Corp.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

---

Linda Brown filed a Request for Expedited Hearing seeking medical and temporary disability benefits, which this Court heard on August 29, 2018.[1] The present focus of this case is whether she sustained an injury arising primarily out of and in the course and scope of her employment with Nissan North America. Ms. Brown did not offer a medical opinion to answer that question, so at this time the Court denies her requests.[2]

### History of Claim

Ms. Brown alleged an injury at work on February 17, 2017, to her low back. Specifically, while leaning forward to install a body harness into a car, Ms. Brown felt "spasms" in her low back, but the pain emanated throughout her entire upper body. After

---

[1] Permanent partial disability benefits is also checked as an issue on the Dispute Certification Notice. The Court will address it at the final compensation hearing.

[2] Ms. Brown additionally filed a Petition for Benefit Determination (Docket No. 2018-06-0222) regarding alleged injuries to her neck and shoulders on December 2, 2017. Both parties filed multiple documents using both docket numbers. The Court did not consolidate these cases because they involved different questions of fact and allegations of injuries to different body parts occurring on different days. *See Seals v. England/Corsair Upholstery Mfg. Co.,* 984 S.W.2d 912, 916 (Tenn. 1999). However, for the parties' convenience, the Court heard both cases on the same day. Further, for ease of reference, the Court combined all admissible medical records into one exhibit (Exhibit 2) for both cases.

1

she reported the injury, Nissan provided a panel of physicians. Ms. Brown chose Premise Health.

At her first visit on February 17, nurse practitioner Carmilyn Lesemann assessed low-back pain. After follow-up visits with Ms. Lesemann, Ms. Brown saw Dr. Terri Walker at Premise on March 10. Dr. Walker wrote:

> She's been having generalized aches and pains for greater than a year. . . . She's been seen in the past for neck and bilateral shoulder pain 12/2016 and was diagnosed with degenerative cervical radiculopathy and the claim was deemed personal. Currently she reports neck, shoulder and low back pain. . . . She c/o diffuse pain of the neck, upper back, shoulders and low back.

The doctor diagnosed "[c]ervicalgia with radiculitis should be a tie back to the 12/5/16 claim which was denied. The lumbago is more likely from the DDD. DJD of her L-spine which is unlikely primarily work related." Nissan sent Ms. Brown a denial letter and filed a Notice of Controversy that states, "Treating physician has indicated condition is not primarily work related."

Counsel for Nissan sought additional clarification from Dr. Walker regarding causation for injury. Counsel wrote a letter stating, "You saw Ms. Brown on 3/10/17, at which time she complained of diffuse pain of the neck, upper back, shoulders and low back." The letter asked, "[D]o you believe that the symptoms described by Ms. Brown on 3/10/17, were *primarily caused by* (>50%) or primarily aggravated by (>50%) her work activity as described as occurring on 2/17/17, considering *all possible causes and without speculation?*" (Emphasis in original.) Dr. Walker wrote "no."

Ultimately, Ms. Brown came under the unauthorized care of Dr. Margaret MacGregor. The April 6, 2018 records from her first visit give the following history: "neck pain, mid back pain, low back pain." Dr. MacGregor noted "work accident, while lifting a heavy object." She concluded Ms. Brown failed conservative treatment and recommended an anterior cervical decompression and fusion. Dr. MacGregor performed the procedure later that month, listing final diagnoses as cervical radiculopathy, spondylosis and myelopathy; back and neck pain; and osteoarthritis. The records mention neither treatment for the low back nor the specifics of the injury-causing event.

Ms. Brown, who represents herself, sent Dr. MacGregor a letter seeking clarification of her opinion on causation. The letter quotes Tennessee Code Annotated section 50-6-102(14)(A)-(E), the definition of "injury" in the Workers' Compensation Law, but it does not ask questions applying the definition to her condition. Dr. MacGregor checked "yes" after each quoted subsection without elaboration; *see* Ex. 2 at 145-146.

Ms. Brown testified she has been off work receiving short-term and long-term disability benefits. Nissan terminated her. She continues seeing Dr. MacGregor. She asked the Court to order further treatment with Dr. MacGregor and reimbursement of past out-of-pocket medical bills. Ms. Brown also requested temporary total disability benefits. For its part, Nissan argued that the authorized treating physician, Dr. Walker, concluded the alleged injury was not primarily work-related. Her opinion is presumed correct, and no physician gave an opinion to rebut the presumption.

## Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Ms. Brown must provide sufficient evidence to show she would likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017).

Resolution of the present issue turns on whether Ms. Brown suffered an injury as defined in the statute. The Workers' Compensation Law defines an injury as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." Further, she must also show "to a reasonable degree of medical certainty that [the employment] contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes," and that, "in the opinion of the physician, it is more likely than not, considering all causes, as opposed to speculation or possibility." Further, the opinion of the treating physician selected from a panel "shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." *See* Tenn. Code Ann. § 50-6-102(14)(C)-(E).

Applying these standards, Nissan argued that the authorized treating physician, Dr. Walker, concluded that Ms. Brown's injury is not work-related. Specifically, she responded to a very direct causation question with a "no" answer. In contrast, Dr. MacGregor did not offer a causation opinion. It appears from Dr. MacGregor's responses to Ms. Brown's causation letter that the doctor might think the injury is work-related. This, however, is speculation.

At this time, the Court finds that Dr. MacGregor's notes and answers to questions in a letter do not constitute an opinion on causation. Ms. Brown did not rebut the presumption of correctness the statute affords Dr. Walker's opinion. Therefore, she has not come forward with sufficient evidence from which this Court may conclude that her back injury primarily arose out of her employment, and she is not likely to prevail at a hearing on the merits. Having reached this conclusion, the Court need not address her request for temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1.  The Court denies the requested relief at this time.

2.  This matter is set for a Scheduling Hearing on **November 5, 2018, at 2:15 p.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED September 4, 2018.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Affidavit of Linda Brown
2. Composite medical records
3. FROI
4. Choice of Physician form
5. Wage statement
6. Notice of Denial
7. Affidavit of Sheila Taylor

Technical record:
1. Petition for Benefit Determination
2. Employer's Pre-Mediation Statement
3. Dispute Certification Notice (with employer's additional issues)
4. Request for Expedited Hearing
5. Employer's Response to Request for Expedited Hearing
6. Employer's Motion to Quash

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent to these recipients by the following methods of service on September 4, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Linda Brown, Employee | x | | | 6441 Paddington Way Antioch TN 37013 |
| Stephen Morton, Employer's Attorney | | | x | Stephen.morton@mgclaw.com; Amber.dennis@mgclaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

        If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

**RFA #:** _____

**Date of Injury:** _____

**SSN:** _____

_____
**Employee**

_____
**Employer and Carrier**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $ _____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

Amount Owed         To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                           RDA 11082